THE STATE v. STERLING *et al.*

1. **Criminal law:** INDICTMENT: CONSPIRACY. An indictment for conspiracy, which charges that the defendants did unlawfully and feloniously conspire to rob and steal from, etc., is not open to the objection that it charges more than one offense.

2. —— REASONABLE DOUBT: INSTRUCTION. To an instruction offered by the defendants in such prosecution, that if there were "any reasonable explanation which will account for the action of defendants, consistent with the evidence and the prisoners innocence, the jury should adopt such explanation unless convinced, beyond a reasonable doubt, of their guilt," the court added the following modification: "But the jury must judge of the acts and conduct of the defendants and determine their motives therefrom, and if their acts and conduct can be reasonably reconciled consistent with innocence, then it is your duty to consider them; but if such acts and conduct unerringly point to guilt, then you should convict." It was argued that the modification was erroneous because it only directed the jury to *consider* defendants' acts, if consistent with innocence instead of directing an acquittal in such an event. *Held*, that the instruction as modified, was not erroneous.

3. —— CONSPIRACY: EVIDENCE. In a prosecution for conspiracy, the offense may be established by evidence purely circumstantial.

*Appeal from Lee District Court.*

THURSDAY, JULY 25.

THE defendants were indicted and convicted of a conspiracy to rob and steal from one T. B. Rodes and other

persons unknown, and were sentenced to the penitentiary for three years. From the judgment they prosecute this appeal. The facts, necessary for a proper understanding of the points ruled, are found in the opinion.

*Gilmore & Anderson* for the appellants.

*M. E. Cutts*, attorney-general, for the State.

BECK, Ch. J. — The objections made to the judgment of the district court will be noticed in the order in which they are found in the brief of counsel of defendants.

I. The defendants demurred to the indictment on the ground that it charges more than one offense. It alleges

1. CRIMINAL LAW: Indictment: conspiracy.

that the defendants did unlawfully and feloniously conspire, etc., " to rob and steal from one T. B. Rodes and divers other guests, boarders and lodgers of the Patterson house," etc. The point made by the demurrer is that the indictment alleges a conspiracy to rob, and also a conspiracy to steal, thus charging more than one offense. The demurrer was overruled, and upon this ruling is based the first point presented in the brief of defendants' counsel.

The decision of the district court upon the demurrer was correct. The offense charged is the *conspiracy*, the confederation of defendants to commit an act which, in law, is a felony. The crime alleged against the defendants is the unlawful combination and agreement to commit a crime. It has not regard to the act, the crime alone, but to the agreement to commit it. Now the same act may constitute more than one offense. The taking of property from the person of another by violence is robbery, but it also constitutes a lower offense, larceny. A charge of a conspiracy to rob and steal may, therefore, imply a combination to do but one act, which, if consummated, would constitute two offenses, robbery and larceny. Then again, the gist of the offense charged is the conspiracy — the act,

which is the crime. If the purpose of the conspirators be to commit a felony, they are guilty, though the felony may be described by different names. And this is the precise case made by the indictment. So if the conspiracy, in its consummation, should, in fact, require the commission of several distinct felonies, the crime would be one, not two offenses, for it consists in the act of conspiring.

II. The defendants asked the court to give an instruction to the jury in the following language: "If there is 2.——reasonable doubt. any reasonable explanation which will account for the actions of defendants, consistent with the evidence and with the prisoner's innocence, the jury should adopt such explanation, unless convinced beyond a reasonable doubt of his guilt." The court added the following modification to the instruction and then gave it: "But the jury must judge of the acts and conduct of the defendant, and determine his and his co-defendants' motives from their acts and conduct, and if their acts and conduct can be reasonably reconciled, consistent with innocence, then it is your duty to consider them; but if his acts and conduct unerringly point to guilt, then you should convict." The objection made to the instruction as given is this: It only directs the jury "to consider" defendants' acts, if they be consistent with his innocence, and does not direct, in such a case, an acquittal. The last sentence of the instruction could not have been misunderstood, taken in connection with the preceding part prepared by defendant's counsel. In that the court informs the jury that they are to adopt such reasonable explanation as will account for defendants' actions, if consistent with the evidence and their innocence. The court, in the modification, informs the jury that defendants' motives are to be drawn from their acts, and, if the acts and conduct be consistent with innocence, referring clearly to the motives, then the acts and conduct of the parties are to be considered. How, and for what purpose? Recurring to the first sentence

of the instruction, we understand that they are to be considered as an explanation of their motives, and proof of their innocence. It must be confessed that words cripple the force of the instruction, and render, in a measure, its meaning obscure. But we do not think that an interpretation can be put upon it which would operate to the prejudice of defendants.

III. The court instructed the jury to the effect that the combination and agreement of the parties to commit the felony could be proved by the circumstances connected with the transaction, which is the subject of the accusation; in other words, the conspiracy could be established by circumstantial evidence. The instruction then proceeds to give the reasons upon which the rule is based, being the fact that there is rarely found a case where the crime may be established by direct evidence, and, in order to discover conspirators, courts are compelled to consider their acts and circumstances which tend to point out the guilty parties. The jury are informed, in the same instruction, that the adequacy of the evidence in such cases, like other questions of the weight of evidence, is for the jury. These doctrines are announced in language somewhat prolix, and accompanied by the use of adjectives indicating the dangerous character of the crime. They are not objectionable as rules of evidence; the language employed, descriptive of the character of the offense, does not modify the principles of the instruction. Evidence of the character indicated is competent to establish a conspiracy. That the jury are to determine upon the sufficiency of such evidence — its weight, there can be no doubt. The jury were informed in in another instruction that the evidence — the weight of evidence — to authorize them to convict should satisfy their minds of the guilt of the prisoners beyond a reasonable doubt. The language of the instruction is criticised by counsel, and the expressions used in reference to the

*3. —— conspiracy: evidence.*

offense of conspiracy generally, it is claimed, tended to the prejudice of defendants before the jury. We are unable to reach such a conclusion. The language of the court pronouncing the crime of conspiracy dangerous, certainly could not have been understood by the jury in a manner calculated to interfere with the proper application of the correct rules given them to be applied in considering of their verdict.

It is proper to remark that the instruction we are now considering is an extract from the opinion of the court in *The Commonwealth* v. *McLean*, 2 Par. 368, quoted in Wharton's Am. Crim. Law, § 2351.

IV. It is next and lastly urged that the evidence did not authorize the conviction of defendants. As we have before intimated it was circumstantial, exclusively so. It would prove unprofitable to enter into a discussion of the evidence, in order to show that defendants were rightly convicted. We think there was ample evidence before the jury to authorize them to infer the guilt of the defendants. Certainly it cannot be claimed that there is such an absence of proof as to show that the verdict was not the result of the unbiased, intelligent and honest exercise of judgment by the jury. Unless it be made so to appear, we cannot disturb the judgment of the court below.

Affirmed.