THE STATE v. KENNEDY.

1. **Criminal Law;** INDICTMENT FOR CONSPIRACY: SEVERAL COUNTS FOR SAME OFFENSE. Under section 4300 of the Code, it is allowable in an indictment for conspiracy to state the facts constituting the conspiracy in different ways in several counts.

2. ———: INDICTMENT FOR CONSPIRACY: DUPLICITY: FACTS NOT CONSTITUTING. The crime of conspiracy consists in the agreement to do what is unlawful, and where more than one unlawful act is sought to be accomplished by the same conspiracy, the facts relating to each unlawful act so intended may be set up in a separate count of the indictment, without making it bad for duplicity.

3. ———: ———: ———: FACTS CONSTITUTING. An indictment which charges a conspiracy to do a certain unlawful act, and, after the facts constituting the conspiracy have been fully set up, charges also the actual commission of the crime sought to be accomplished by the conspiracy, is bad for duplicity.

*Appeal from Johnson District Court.*

WEDNESDAY, APRIL 9.

THE defendant was jointly indicted with A. A. Kennedy, Jr., James A. Redfield, R. C. Lyman and G. H. Brown. He was tried separately, and was found guilty, and sentenced to a term of imprisonment in the penitentiary; and from this judgment he appeals.

*Boal & Jackson, C. S. Ranck* and *Milton Remley,* for appellant.

*Smith McPherson, Attorney-general, M. P. Smith, Murphy & Ellis* and *Robinson & Patterson,* for the State.

REED, J.—The indictment is in two counts. In the first count it is charged that the defendants agreed that goods and merchandise should be purchased on credit in the name of James A. Redfield & Co., which firm was composed of two of their number, to-wit, James A. Redfield and A. A. Kennedy,

Jr.; that said goods and merchandise should be placed in the storeroom or building in Oxford, Iowa, occupied by said firm; that the property should then be insured; that the goods should then be removed from said building stealthily and secretly, and placed in rooms or buildings occupied by the defendant, A. A. Kennedy, Sr., and R. C. Lyman; that the building occupied by Redfield & Co. should then be burned; and that they should then make the claim to the insurers that the goods remained in the building at the time of the fire, and were consumed with the building, and by means of this false pretense obtain from the insurers the amount of the insurance. .

In the second count, it is charged that the parties conspired together to commit the same felony; that is, to obtain money from the insurers of the property by the false pretense that it had been burned and consumed in the building; and it is charged that their agreement was to accomplish this fraud in substantially the same manner charged in the first count; and in addition to this it is charged that they conspired to make a disposition of the goods for the purpose of defrauding the creditors of Redfield & Co. It is charged that this purpose of the conspiracy was to be accomplished in the following manner: Each of the defendants, it is alleged, was a member of the firm of Redfield & Co., but their agreement was that it should be represented that the firm was composed only of Redfield and Kennedy, Jr.; that its business should in the beginning be so conducted as that the credit of the firm should be well established; that, after this was accomplished, large quantities of goods should be purchased on credit in the name of the firm, and placed in the storeroom or building in which it carried on business; that they should then be insured; after which they should be secretly and stealthily removed from the building, and placed in possession of the defendants, Kennedy, Sr., Lyman and Brown; that the storeroom of Redfield & Co. should then be burned, and the claim should then be made to the insurers that the goods had

been consumed with the building, and to the creditors of Redfield & Co. that such goods as might be found in possession of Kennedy, Sr., Lyman and Brown, had been sold to them in good faith and for a valuable consideration.

It is alleged in each count that, in pursuance of the conspiracy, goods of the value of more than $10,000 were purchased on credit in the name of James A. Redfield & Co., and placed in the storeroom in which that firm did business; that insurance was then obtained on them to the amount of $3,400, in the Springfield Fire Insurance Company, of Springfield, Mass., and $4,600 in the German American Insurance Company, of New York City; that the parties then proceeded to remove such goods stealthily and secretly from the building, until not more than $1,500 worth remained; that they then set fire to and burned the building, and that $500 worth of the goods were burned and consumed with it; that they then made the claim to the insurers that the whole amount of said goods were in the store, and were burned, and sought to collect from them the whole amount of the insurance. And in the second count it is alleged that, to the creditors of whom the goods were purchased, they pretended that such goods as were found in the possession of Kennedy, Sr., Lyman and Brown had been sold to them in good faith and for a valuable consideration.

The defendants demurred to the indictment on the ground that it charged more than one offense. The overruling of this demurrer is assigned as error. In the argument of this assignment, counsel for defendant have urged the following grounds, on which they claim that the indictment is bad for duplicity, viz.: *First*, that each count in the indictment charges an offense distinct from that charged in the other count; *Second*, that two conspiracies are charged, viz., a conspiracy to obtain money from the insurers of the goods by false pretenses, and a conspiracy to make a fraudulent sale or transfer of goods; and *Third*, that the indictment charges the crime of burning insured property with intent to injure the insurers.

thereof, as well as the crime of conspiracy. We will consider these grounds in the order in which they are here stated.

I. It is averred in the charging part of the second count "that the defendants committed the said crime as aforesaid in the manner following;" and this language is followed by a statement of the acts constituting the offense as charged in that count. This language clearly refers to the particular conspiracy which is charged in the first count, and not to the crime of conspiracy generally. It means that the statement of the offense contained in that count is but a statement in a different form of the facts constituting the offense charged in the preceding count, and this is allowable under section 4300 of the Code.

*1. CRIMINAL law: indictment for conspiracy: several counts for same offense.*

II. The crime of conspiracy consists in the unlawful and corrupt agreement of the parties. It is entirely distinct from the crimes or unlawful acts which the parties have in view when they enter into the conspiracy, or the object which they intend to accomplish in pursuance of it. The crime is complete whenever the agreement is entered into, and it is not essential to it that any overt act be committed in pursuance of it. Hence, the parties who enter into a conspiracy are, by that act, guilty of but one offense, whether their agreement is to commit one crime or many crimes. 2 Bishop on Criminal Law, § 192; *The State v. Sterling*, 34 Iowa, 443. The indictment before us, while it alleges that the parties conspired to commit more than one crime, charges but one conspiracy.

*2. ———: ———: duplicity: facts not constituting.*

III. It is charged in both counts of the indictment that the defendants, in pursuance of the conspiracy, purchased the goods and merchandise and placed them in the building; that they then procured the insurance companies named to insure them against loss and damage by fire; and that, while a portion of the goods remained in the building, they willfully set fire to and burned it, and that a portion of said goods were consumed in said fire, and that this was done with the purpose of asserting

*3. ———: ———: facts constituting.*

a claim that all of the goods insured were burned, and of obtaining from the insurers, by means of this pretense, the amount of the insurance. These allegations are all distinct from the charge of conspiracy. They are set out in the indictment, following the statement of the acts constituting the crime of conspiracy. They are not essential to the charge of conspiracy, but every element of the crime of burning property which is insured against loss or damage by fire, with intent to injure the insurers, as defined in section 3888 of the Code, is included in them.

The defendants are as certainly accused of that crime as they are of conspiracy In the case of *The State v. Hayden,* 45 Iowa, 11, and *The State v. Shaffer,* 59 Iowa, 290, we held that the indictments, which, in the same count charged the breaking and entering a building with intent to steal and the actual stealing of property within the building, were not double. The ground of this holding is, that the allegation of the larceny within the building is but the equivalent of the allegation that the breaking and entering was with the intent to commit that crime, and that, therefore, but the one crime was charged. But we think the indictment in this case cannot be brought within the principle of that holding. The allegations in question occur in the indictment, after the facts which constitute the crime of conspiracy have been fully alleged. They do not purport to relate to the conspiracy, but charge distinctly that the acts were committed after the conspiracy had been fully entered into, and in pursuance of it, and the offense charged by the allegations is entirely distinct from any of the offenses which it is alleged, in the part of the indictment charging the conspiracy, was the object of the conspiracy. On this ground, then, we think the demurrer ought to have been sustained. Section 4300 of the Code expressly provides that the indictment shall charge but one offense.

Many other questions are presented by the record, but as,

under this ruling, the case cannot be again tried on this indict ment, we think it unnecessary to determine them.

REVERSED.