JOHN GUND BREWING CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 30, 1913.)

Nos. 3,854, 3,855.

INDICTMENT AND INFORMATION. (§ 125*)—INDICTMENT—DUPLICITY.

·An indictment which charges a single conspiracy to commit distinct offenses is not duplicitous, since a conspiracy is an offense entirely distinct from the crimes the parties intend to commit thereby.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

On motion for rehearing. Judgment on original opinion modified, and rehearing denied.

.For original opinion, see 204 Fed. 17.

TRIEBER, District Judge. In case No. 3,855 we have reached the conclusion, after more careful consideration and examination of the authorities, that we were in error in holding that the indictment was duplicitous because it charged a conspiracy to commit two distinct offenses. The law permits this if there is no duplicity charged in the conspiracy itself, for the conspiracy is entirely distinct from the crimes or unlawful acts which the parties have in view when they enter into the conspiracy. Parties may enter into a conspiracy to commit the crime of burglary, and, for the purpose of destroying the evidence thereof, also commit the crime of arson. While burglary and arson are two distinct offenses, punishable differently, and could not be charged in one count of an indictment, a charge of conspiracy to commit the two offenses is only one offense. The conspiracy is entirely distinct from the crimes or unlawful acts which the parties have in view when they enter into the conspiracy or the object which they intend to accomplish in pursuance of it. 2 Bishop on Crim. Law, § 192; State v. Kennedy, 63 Iowa, 197, 18 N. W. 885; Hamilton v. People, 24 Colo. 301, 51 Pac. 425. Cases upon which we relied in our former opinion are not in point, as they do not refer to the crime of conspiracy.

However, the motion for rehearing must be denied for the following reasons: As stated in our former opinion, in case No. 3,854, the court erred in refusing to admit the evidence offered by the defendant in relation to the instructions given to its agents, and also erred in its

charge to the jury that as a matter of law "the company was responsible for the acts of its agent at Moorhead in the transactions that are disclosed to you by the evidence here." The case must also be reversed in view of the principle laid down by the majority of this court in First National Bank of Anamoose v. United States, 206 Fed. 374, decided at the present term of this court, and which the majority now adheres to.

For these reasons, the former judgment in case No. 3,855 will be set aside, and judgment entered reversing the cause, with directions to grant a new trial and proceed in conformity with the views herein expressed. This does away with the necessity of granting a rehearing.

In No. 3,854 the motion for rehearing is denied.