## VIOLETTE et al. v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit.  January 9, 1922.)

### No. 3700.

1. **Conspiracy** ☞43(6)—**Counts charging conspiracy to possess and transport intoxicating liquors held sufficient.**

    Counts of an indictment charging that defendants conspired to possess intoxicating liquor with intent to use, in violation of the National Prohibition Act, and to effect the object of the conspiracy had possession of 600 quarts of liquor with intent so to use it, and conspired to transport intoxicating liquor without permit or without making record, and to effect the object of the conspiracy, transported such liquor, are sufficient.

2. **Intoxicating liquors** ☞236(5)—**Finding of still and supplies held to warrant inference of intent.**

    Evidence that a still was found in a building on the premises of one defendant, and that the other defendant was present, and that there were also found quantities of mash, sugar, hops, and yeast, and Canadian liquor and moonshine whisky, *held* sufficient to warrant the jury in inferring defendants' intent.

3. **Intoxicating liquors** ☞233(2)—**Testimony of surrounding circumstances relevant, to show intent in possession of liquor.**

    Testimony of the circumstances surrounding the discovery of the still and of the conduct of defendants was relevant to show their intent with reference to the liquor.

4. **Criminal law** ☞829(3)—**Requested charges defining conspiracy held sufficiently covered.**

    Where the court had quoted the statutory definition of conspiracy, and had sufficiently covered the essential elements in further explanation, there was no error in refusing requests for instructions as to what constituted conspiracy.

5. **Criminal law** ☞1167(2)—**Invalid counts, unnecessary to sustain judgment, do not harm accused.**

    Where defendants were convicted on five counts, two of which were sufficient, and were sustained by the evidence, the verdict being general, and the judgment being under the whole indictment, and the sentence not exceeding that which might have been imposed under the two good counts, defendants cannot complain that the other three counts were insufficient.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 257 U. S. —, 42 Sup. Ct. 382, 66 L. Ed. —.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Fred Violette and another were convicted of conspiracy to violate the revenue and liquor laws, and they bring error. Affirmed.

Dan J. Heyfron, Chas. A. Russell, John E. Patterson, Chas. N. Madeen, and H. H. Clarke, all of Missoula, Mont., for plaintiffs in error.

John L. Slattery, U. S. Atty., and Ronald Higgins and Wellington H. Meigs, Asst. U. S. Attys., all of Helena, Mont.

Before GILBERT, MORROW, and HUNT, Circuit Judge.

HUNT, Circuit Judge. Plaintiffs in error, to be called defendants, seek review of conviction under five counts of an indictment which charged (1) conspiracy to carry on the business of distillers without giving a bond as required; (2) conspiracy to make and ferment a certain mash fit for the production of spirits in a building other than a distillery authorized by law; (3) conspiracy to have in their possession and custody and under their control a certain still set up, without having registered the still with the collector of internal revenue, as required by law; (4) conspiracy to have in their possessioin intoxicating liquor, with intent to use the intoxicating liquor in violation of the National Prohibition Act, and to effect the object of the conspiracy, had in their possession intoxicating liquor, about 600 quarts, with intent to use the same in violation of the National Prohibition Act; (6) conspiracy to transport intoxicating liquor, whisky, without first obtaining a permit from the Commissioner of Internal Revenue so to do, and without making record showing in detail the amount and kind to be transported and the consignee and the place of transportation, and that to effect the object of the conspiracy defendants did unlawfully transport without first obtaining a permit and doing the things required by law.

Plaintiffs in error cite United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. ——, to support their argument that the first three counts are fatally defective, in that the National Prohibition Act (41 Stat. 305) repealed sections 3281, 3282, and 3258, R. S. U. S., of the Revenue Laws (Comp. St. §§ 5994, 6021, 6022). Inasmuch as the judgment against defendants must be affirmed for other reasons, we refrain from consideration of that question, which has been certified by this court to the Supreme Court under section 239, Judicial Code (Comp. St. § 1216), in Brooks v. United States, 43 Sup. Ct. ——.

[1] It is clear that the fourth and sixth counts are sufficient. The fourth charges that the defendants unlawfully conspired to have intoxicating liquor in their possession intended for use in violating the National Prohibition Act. The possession with the unlawful intent is plainly alleged. The sixth count is a sufficient charge of conspiring to transport whisky without a permit from the Commissioner of Internal Revenue, and without making a record as required by law.

[2, 3] The evidence showed that a still was found in a building near the residence of Violette and on his premises, and that Moret was sitting near the still; that in the house in which the still was placed there were quantities of mash and sugar, hops, and yeast, a condenser, and gal-

lons of mash in process of fermentation, capable of producing strong alcoholic liquor; that in a nearby building the officers found sacks containing Canadian liquor and barrels of "moonshine" whisky. The jury were authorized to draw inferences of guilt as to the intention of the defendants. Testimony of the circumstances surrounding the discovery of the still and of the conduct of the defendants was relevant to show what they were intending to do with the liquor.

[4] There was no error in refusing certain requests for instructions as to what constituted conspiracy. The court quoted the statutory definition and sufficiently covered the essential elements in further explanation.

[5] The verdict having been a general one, and the judgment having been under the whole indictment, and the sentence not having exceeded that which lawfully might have been imposed under counts 4 and 6, defendants cannot complain. Abrams v. United States, 250 U. S. 616, 40 Sup. Ct. 17, 63 L. Ed. 1173.

Judgment affirmed.

