### VIOLETTE v. WALSH, Internal Revenue Collector.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922.)

No. 3683.

1. **Internal revenue ☞2—Party illicitly manufacturing liquor liable for federal tax assessment.**

The fact that a party illicitly manufactured intoxicating liquors did not exempt him from a tax assessment, under Act Feb. 24, 1919, § 600a (Comp. St. Ann. Supp. 1919, § 5986e), imposing a tax on the manufacture of distilled spirits. in view of National Prohibition Act, tit. 2, § 35, providing that this act shall not relieve any one from paying any tax imposed on the manufacture of liquor.

2. **Internal revenue ☞38—Appeal to Commissioner of Internal Revenue condition precedent to suit to recover tax wrongfully collected.**

A party cannot maintain, under Rev. St. § 3220 (Comp. St. § 5944), a suit for a refund or remission of a tax imposed on the manufacture of intoxicating liquor without first complying with Rev. St. § 3226 (Comp.

St. § 5949), requiring an appeal to the Commissioner of Internal Revenue to be made prior to the bringing of suit.

3. **Criminal law 1209—Conviction for violating National Prohibition Act and assessment of federal tax not double punishment.**

The fact that defendant had been convicted under the National Prohibition Act of conspiring to. unlawfully possess and transport intoxicating liquor was no defense to an assessment against defendant of a federal tax for manufacturing the liquor in question, as this did not constitute double punishment for the same offense.

Appeal from District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Suit in equity by Fred P. Violette against James A. Walsh, collector of Internal Revenue for the District of Montana. From a judgment (272 Fed. 1014) dismissing the complaint, complainant appeals. Affirmed.

Chas. A. Russell, Chas. N. Madeen, John E. Patterson, and Dan J. Heyfron, all of Missoula, Mont., for appellant.

John L. Slattery, U. S. Atty., and Ronald Higgins and Wellington H. Meigs, Asst. U. S. Attys., all of Helena, Mont., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. This is an appeal from the decree of the United States District Court for the District of Montana, dismissing an amended complaint in equity filed by Fred P. Violette, a resident of Missoula county, Mont., against James A. Walsh, Collector of Internal Revenue for the District of Montana, to restrain the enforcement of a warrant of distraint issued by the defendant under section 3253, R. S. (section 5988, Comp. Stat.), and levied upon certain real property to secure the payment of taxes assessed under section 600a, Act of February 24, 1919, 40 Stat. 1057–1105 (Comp. St. Ann. Supp. 1919, § 5986e), and title 2, § 35, of the National Prohibition Act (41 Stat. 305–317), and due to United States upon distilled spirits illicitly and illegally manufactured.

It is alleged in the amended complaint that plaintiff has been indicted for a violation of the Prohibition Act in operating an illicit still for the manufacture of intoxicating liquors; that he is not a manufacturer of intoxicating liquors; that the plaintiff has not yet plead to such indictment, and has had no trial upon the charge; that the levying of the warrant of restraint and its enforcement will work a grievous hardship, injustice, and irreparable injury to the plaintiff, and will be and is a punishment of the plaintiff for the crime of operating an illicit still and illegally manufacturing intoxicating liquors without a trial by jury, and that he will be and is twice in jeopardy for the same offense, contrary to the Constitution of the United States; that he has no plain, speedy, or adequate remedy at law. The United States attorney moved the court to dismiss the complaint on the ground that the suit had been brought for a purpose prohibited by law, and that the court had no jurisdiction to proceed with the suit. The court dismissed the complaint, on the ground that plaintiff had a plain, speedy, and adequate remedy at law.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

When this equity case was heard in the District Court, the defendant had not been tried upon the indictment referred to in the amended complaint. Since then he and another defendant have been tried and found guilty upon five counts of an indictment, containing six counts (the court having directed a verdict of acquittal on the fifth count), and upon a general verdict sentenced to pay a fine of $500 and costs, and each imprisoned in the penitentiary at Leavenworth, Kan., at hard labor for the term of 13 months, and confined in said penitentiary until the said fine is paid or otherwise discharged according to law.

This criminal case was brought to this court upon a writ of error. The judgment of the District Court was affirmed by this court upon two counts (fourth and sixth) of the indictment (Violette v. United States, 278 Fed. 163), the court holding that the fourth count, charging that the defendants unlawfully conspired to have intoxicating liquor in their possession intended for use in violating the National Prohibition Act, was plainly alleged, and that the sixth count sufficiently charged the defendant with conspiring to transport whisky without a permit from the Commissioner of Internal Revenue, and without making a record as required by law.

With respect to the remaining three counts, the court, referring to the objection of the defendants that the first three counts were fatally defective, in that the National Prohibition Act (41 Stat. 305) repealed sections 3258, 3281, and 3282, R. S. U. S., of the Revenue Laws (Comp. St. §§ 5994, 6021, 6022), refrained from the consideration of that question, for the reason that it had been certified by this court to the Supreme Court under section 239, Judicial Code (Comp. St. § 1216), in Brooks v. United States. In the case of Brooks v. United States, referred to above, this court certified three questions to the Supreme Court as follows:

"1. Are the revenue laws of the United States, and particularly the offense defined in section 3258 of the Revised Statutes (requiring the registration of stills), repealed by the National Prohibition Act, enacted October 28, 1919, and effective from and after January 16, 1920?

"2. Is the revenue law of the United States, and the offense defined in section 3281 (carrying on the business of a distiller without giving a bond), repealed by said National Prohibition Act?

"3. Is the revenue law of the United States, and the offense defined in section 3282 (no mash wort or wash fit for distillation shall be made in any building other than a distillery), repealed by said National Prohibition Act?"

These questions in the criminal case are still pending in the Supreme Court. The defendant, Violette, in the equity case, has brought the decree of the District Court here on appeal.

In the recent case of Lipke v. Lederer, 258 U. S. ——, 42 Sup. Ct. 549, 66 L. Ed. ——, the defendant was arrested on December 29, 1920, for selling liquor contrary to the National Prohibition Act. On March 18, 1921, the defendant was notified of an assessment amounting to $557.29, made up of three items, namely:

Retail liquor dealer tax................................................$ 45.83
Penalty ...............................................................   11.46
Specific penalty.......................................................  500.00

                                                                        _____
                                                                        $557.29

The Supreme Court held that section 3244 of the Revised Statutes (Comp. St. § 5971), providing a tax on retail liquor dealers, had no application, that section 3224 (Comp. St. § 5947) was not applicable, and that title 2, § 35, of the Prohibition Act, conferred no such power as the collector sought to exercise; that he was undertaking to punish the defendant by fine and penalty for an alleged criminal offense, and without hearing, information, indictment, or trial by jury, contrary to the federal Constitution.

[1, 2] We do not think this decision is applicable to the present case. In this case the defendant was engaged in operating an illicit still for the manufacture of, and did manufacture; intoxicating liquors. For these liquors so produced he was liable for an assessment of the amount of the tax to be paid to the United States under section 600a of the Act of February 24, 1919 (40 Stat. 1057, 1105), and title 2, § 35, of the National Prohibition Act (41 Stat. 305, 317). If the defendant is not liable for this tax, the remedy provided by law is an appeal to the Commissioner of Internal Revenue for a remission of the tax, or, if it has been paid, for a refund of the tax. Section 3220, Revised Stats. (Comp. Stat. § 5944). Until this procedure of the Executive Department has been exhausted, this suit cannot be maintained. Section 3226 of the Revised Stats. (Comp. Stats. § 5949). As said by the court below in this case:

"Of the earlier law, at least section 3251, R. S. (section 5985, Comp. Stats.), imposes a tax on the manufacture of distilled spirits, regardless of their purpose. To manufacture such spirits is yet lawful. The tax not being inconsistent with the act, it is law to-day, which by virtue of section 35 it is the duty of defendant to execute. The tax is on the mere manufacture, which the law does not forbid. That the manufacture is in violation of regulations and for beverage purposes, which the law does forbid, does not avoid the tax."

[3] The objection that the defendant is being twice punished for the same offense cannot be sustained. In the criminal case, defendant and another were charged and convicted of the offense of conspiring unlawfully to have intoxicating liquor in their possession intended for use, in violation of the National Prohibition Act. They were also tried and convicted of conspiring to transport whisky without a permit from the Commissioner of Internal Revenue and without making a record as required by law. Neither of these two offenses are the same as the manufacture of intoxicating liquors without paying the tax provided by law.

The judgment of the District Court is affirmed.