## NORTON et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 4, 1923. Rehearing Denied January 30, 1924.)

### No. 4147.

1. Conspiracy ⬅️43(1)—Indictment and information ⬅️125(5½)—Joinder of person in conspiracy after its formation does not constitute new conspiracy nor render indictment uncertain or duplicitous.

Joinder of a defendant in a conspiracy during its continuance relates back to the date of its formation, and an indictment is subject to the charge of neither uncertainty nor duplicity, as charging a new conspiracy, because it alleges the joinder therein at different times after the date when it is charged to have been formed.

2. Conspiracy ⬅️43(1)—Indictment need not set out names of conspirators not charged.

The names of parties to a conspiracy other than those indicted need not be set out.

3. Indictment and information ⬅️125(5½)—Indictment for conspiracy, having for its purpose numerous violations of law, not duplicitous.

That a conspiracy contemplated numerous violations of law as its object does not render an indictment therefor duplicitous.

4. Conspiracy ⬅️48—Motion for directed verdict properly denied, if evidence is sufficient as to any one defendant.

A motion by defendants jointly charged with conspiracy, for directed verdict on the ground of insufficiency of the evidence is properly denied, if there is evidence to take the case to the jury as to any one.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Criminal prosecution by the United States against Al Norton and others. Judgment of conviction, and defendants bring error. Affirmed.

See, also, 292 Fed. 461.

Leonard Brown and W. C. Linden, both of San Antonio, Tex., for plaintiffs in error.

John D. Hartman, U. S. Atty., of San Antonio, Tex. (W. C. Williams, Asst. U. S. Atty., of San Antonio, Tex., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. The plaintiffs in error (named defendants hereafter) were convicted in the District Court, at San Antonio, for a conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), by agreeing to have possession of beverage intoxicating liquor for purposes of sale. The defendants, who were convicted, complain of the conviction because (1) of the insufficiency of the indictment; and (2) of the insufficiency of the evidence to support the conviction.

[1, 2] 1. The indictment contained a single count. The defendants criticize it because of uncertainty as to the time when the conspiracy was entered into by the various parties, and as to its duration; because the alleged co-conspirators, not indicted, are not named, or their

names alleged to be unknown to the grand jury; because the indictment is duplicitous, in alleging more than one offense in one count. The time is alleged as having extended from April 1 until November 1, 1922. It is alleged that the defendants joined it at various dates during that time. By so doing, they became parties to it from its inception, and the legal effect of the indictment was to charge a continuing conspiracy between all the defendants from April until November, 1922. An indictment so framed is subject to a charge of neither undue uncertainty nor duplicity, as charging a new conspiracy, upon each occasion when a defendant joined it. The joining of each relates to the original formation, and there is in the eye of the law but one continuing, and not many successive, conspiracies. The names of the parties, other than those indicted, who are charged to have been co-conspirators, were not descriptive of the offense, and need not to have been set out.

[3] The fact that the conspiracy contemplated numerous violations of law as its object does not make the indictment duplicitous. The gist of the offense is the conspiracy, and it is single, though its object is to commit a number of crimes. The indictment, in and of itself, informed the defendants sufficiently to enable them to prepare their defense, and to plead a conviction in any future prosecution for the same transaction, of the nature, duration, parties, overt acts, and purposes of the alleged conspiracy, and was neither defective on that account, nor the occasion for the granting of defendants' demand for a bill of particulars. Rudner v. U. S. (C. C. A.) 281 Fed. 516; Remus v. U. S. (C. C. A.) 291 Fed. 501; Anderson v. U. S. (C. C. A.) 273 Fed. 20; Wongdin v. U. S., 135 Fed. 702, 68 C. C. A. 340.

[4] 2. The defendants assert that the evidence was insufficient to convict them of the conspiracy charge, and jointly asked a directed verdict for that reason. In this form of request, the request would be properly denied, unless the evidence was insufficient to authorize a submission to the jury of the case of any of the defendants. However, we have examined the evidence carefully as to all of the defendants, and find ample support in the record for the jury's verdict of conviction as to all the complaining defendants.

The judgment of the District Court is affirmed.