## UNITED STATES v. QUIGLEY et al.

(District Court, D. Massachusetts. November 23, 1925.)

No. 6400.

Conspiracy ⊗⇒28—Conspiracy to commit several offenses against United States is "offense" within penal statute.

Conspiracy to commit several offenses against United States constitutes conspiracy to commit an "offense," within Penal Code, § 37 (Comp. St. § 10201).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Offense.]

Criminal proceeding by the United States against Lawrence Quigley and others. On defendants' motion to dismiss indictment. Motion denied.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass.

Samuel Markell, John P. Feeney, and Jos. V. Carroll, all of Boston, Mass., for defendants.

MORTON, District Judge. The questions raised by this motion to dismiss turn upon the correct interpretation of the word "offense" in section 37 of the Penal Code (Comp. St. § 10201). That section makes it a crime to conspire to commit "any offense against the United States." The present indictment charges the defendants with engaging in a conspiracy to commit several such offenses. The contention of the defendants is that section 37 is restricted to conspiracies to commit only a single offense, and does not include conspiracies to commit a plurality of them. The question is one, not of pleading, but of substantive law, involving the correct interpretation of the section in question.

The gist of the crime is the conspiracy. It must be accurately described in the indictment; it would not do to charge a conspiracy known to have included the commission of several crimes as a conspiracy to commit one of them. The argument for the defendants is that a conspiracy charge is notoriously difficult to meet, because of the breadth and vagueness with which it can be made; that section 37, even if restricted as they contend, is open to grave abuses, which have been the subject of judicial comment, and were recently referred to by the Judicial Conference; that if the section be broadened, so as to permit charges of conspiracy of unrestricted breadth, the possibility of abuse will be much greater; and that therefore the section ought to be restricted to a literal construction.

The argument, while ingenious, is hardly persuasive. A conspiracy including several crimes is certainly a conspiracy to commit an offense. If Congress had intended to restrict the use of such indictments, it would naturally have said so. As I interpret the statute, it covers conspiracies to commit offenses against the United States, whether a single crime or a plurality of crimes are included. The authorities support this view. The strongest of them, aside from the dictum in Frohwerk v. U. S., 249 U. S. 204, 39 S. Ct. 249, 63 L. Ed. 561, is John Gund Brewing Co. v. U. S., 204 F. 17, 122 C. C. A. 331; Id., 206 F. 386, 124 C. C. A. 268, in which the Court of Appeals for the Eighth Circuit, having first determined this question in accordance with the defendant's contention, later withdrew its decision and decided the other way. There are similar decisions in other circuits. Waldeck v. U. S., 2 F.(2d) 243 (C. C. A. 7th); Norton v. U. S., 295 F. 136, 137 (C. C. A. 5th); Bailey v. U. S., 5 F.(2d) 437 (C. C. A. 5th).

Motion denied.