**UNITED STATES v. GILBERT et al.**

**Nos. 5471, 5472.**

District Court, S. D. Ohio, W. D.

Nov. 10, 1939.

James J. Watters, Asst. to U. S. Atty. Gen., and James H. Cleveland, Sp. Asst. to U. S. Atty., of Cincinnati, Ohio, for the United States.

Haveth E. Mau and Robert H. French, both of Cincinnati, Ohio, for defendants J. Stewart Hagen and Alfred Le Feber.

Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, for defendant Stewart S. Cooper.

Joseph Struett, of Chicago, Ill., for defendant Joseph Robins.

Robert N. Gorman, of Cincinnati, Ohio, for defendant John Bernstein.

Harry M. Cohn, of Cincinnati, Ohio, for defendant Hyman H. Katz.

Richard T. Mills, of Cleveland, Ohio, for defendants Edward E. Daigler and William B. Woodring.

Jacob S. Hermann, of Cincinnati, Ohio, for defendant W. H. Schulte.

SWINFORD, District Judge.

The grand jury for the Southern District of Ohio at the regular April term of court returned two indictments against fifty-three defendants. Indictment No. 5471 charges a violation of Criminal Code, Section 37, 18 U.S.C.A. § 88. Indictment No. 5472 charges a violation of Criminal Code, Section 215, 18 U.S.C.A. § 338.

Joseph Robins, Stewart S. Cooper, J. Stewart Hagen and Alfred Le Feber have each filed "motions to quash" each indictment.

J. Stewart Hagen, Alfred Le Feber and Stewart S. Cooper have filed "demurrers" to each indictment.

J. Stewart Hagen, Alfred Le Feber and John Bernstein have filed motions to require the United States Attorney to elect upon which indictment he will proceed to try.

J. Stewart Hagen, Alfred Le Feber and Stewart S. Cooper have filed motions for a "severance and separate trial" in indictment No. 5472.

J. Stewart Hagen, Alfred Le Feber and Stewart S. Cooper have filed a motion "to specify portions of the indictment relied on", in both indictments.

Stewart S. Cooper has filed a "plea in abatement" in both cases.

John E. Bernstein has filed a "plea of former jeopardy" in indictment No. 5471.

Joseph Robins has filed a "plea of the statute of limitations" in both cases.

J. Stewart Hagen and Alfred Le Feber have filed a motion to "determine surplusage in the indictment", in both indictments.

J. Stewart Hagen, Hyman H. Katz, Alfred Le Feber, Joseph Robins, William B. Woodring, Edward E. Daigler and Stewart S. Cooper have filed motions for a "bill of particulars", in both cases.

It is urged on the motion to quash that the conspiracy indictment (No. 5471) is defective because it fails to properly allege a "continuando", and to properly allege the use of the mails in pursuance of and to effect the object of the conspiracy.

With reference to the first of these objections I will quote from the indictment: "from on or about the 29th day of May, 1934, and thence up to and including June 1, 1937". With reference to the use of the mails to effect the object of the conspiracy it is alleged: "And it was a part of said conspiracy and for the purpose of executing said scheme and artifice to defraud and attempting so to do to place and cause to be placed letters and other communications in the Post Office Establishment of the United States at Cincinnati, Ohio, and at divers other places to these Grand Jurors unknown, for delivery in accordance with the address thereon."

It is further contended that neither the conspiracy indictment (No. 5471) nor the indictment charging the substantive offense of using the mails in a scheme to defraud (No. 5472) properly charge knowledge or scienter.

No. 5471 charges that the defendants (naming them) did "Unlawfully, knowingly, wilfully and feloniously did conspire", etc.

No. 5472 uses the language on page three in the charging part of the indictment setting forth the representations which are charged to be a part of the alleged scheme, that, "the said defendants, then and there well knew," etc. And at another point on the same page the same language is used. This language is used repeatedly in setting out the alleged scheme. And in each count with reference to the mailing of the letters it is charged, "unlawfully, wilfully and feloniously did deposit," etc.

I do not think any of these points are well taken.

The test of the sufficiency of an indictment is not whether it might be made more certain, but whether it contains every element of the offense, sufficiently apprizes the defendant of the charge to be met, and shows with accuracy to what extent the defendant may plead a former acquittal or conviction. This indictment meets every requirement of this test which is discussed at length in the case of United States v. Olmstead, D.C., 5 F.2d 712.

The whole context of the indictments shows that the offenses were continuous. The defendants could not possibly suffer any uncertainty as to the offenses with which they are charged. Matchok v. United States, 3 Cir., 60 F.2d 266.

In the case of Craig v. United States, 9 Cir., 81 F.2d 816, 822, the court used the following language and cited pertinent authorities:

"Even if an essential averment in an indictment is faulty in form; yet, if it may by fair construction be found within the text, it is sufficient. Miller v. United States (C.C.A. 3) 50 F.2d 505, 508, certiorari denied, 284 U.S. 651, 52 S.Ct. 31, 76 L.Ed. 552. See, also, 18 U.S.C.A., § 556, Supp., and Louis Piquett v. United States (C.C.A. 7) 81 F.2d 75, decided on January 2, 1936.

"Taking the first count by its four corners, we find that it sufficiently apprises the appellants of the offense charged. Accordingly, we hold that the court below was correct in overruling the demurrers, both general and special."

The motion to quash filed in each case by the defendant Joseph Robins will be discussed in connection with his plea of the statute of limitations at a later point in this opinion.

The motions to quash are overruled.

I find no additional arguments presented in support of the demurrers and for the same reasons applied to the motions to quash, the demurrers are overruled.

 The next question to be considered is the motion to elect. Evidently there is some mistake as to the condition of the record since the United States Attorney is asking that the indictments be consolidated. Certainly no motion to require the United States Attorney to elect is proper to consider so long as there is no consolidation of the indictments. However, I am of the opinion that it is proper to sustain the motion of the United States to consolidate the indictments and will therefore proceed to consider the motions to elect.

It is urged, especially on behalf of the defendant John E. Bernstein, that the indictments should be tried separately as an acquittal or conviction on one of them would be a bar to prosecution on the other.

That certain overt acts alleged in the conspiracy and the charge alleged in the substantive offense are identical and that no prosecution for both offenses can be maintained.

My attention is called to certain cases which counsel relies on. I do not think these cases sustain his theory. The case of Krench v. United States, 6 Cir., 42 F.2d 354, does not pass on the question directly. The opinion deals principally with the question of punishment. It lays down the rule that where it is necessary in proving one offense to prove every essential element of another growing out of the same act, a conviction of the former is a bar for the latter. That is not the case here and cannot be applied generally to a case of a conspiracy indictment and an indictment charging the substantive crime.

In so far as the instant case is concerned the rule is best stated in the case of Freeman v. United States, 7 Cir., 244 F. 1. On page 19 of the opinion the court says:

"The situation there does not differ materially from what here appears. Here, as there, is found the coincidental fact that the evidence to prove the scheme to defraud serves also as evidence tending to support the conspiracy charge. Under section 215 an actual use of the mails is essential to conviction. Under section 37 the overt act to complete the offense may be any act. It may be mailing a letter or anything else. If the act charged and proved as the only overt act under section 37 were the mailing of a letter, and the same letter only was charged and proved as the letter mailed in execution of a scheme to defraud alleged under section 215, it may well be that the mailing of the one letter, completing as it would an offense under section 37, and at the same time an offense under section 215, would not admit of the defendant's conviction and punishment under more than one charge, so proved; and such state of facts would well justify the doubts expressed by Judge Denison in the recent case of Hendrey v. United States [6 Cir.] 233 F. 5, 147 C.C.A. 75.

"But this is not the situation with which we are dealing. The conspiracy counts do set forth as overt acts the mailing of letters, some of which appear in counts under section 215; yet each of the conspiracy counts set forth as overt acts the mailing of letters not set out in the counts under section 215 as the letters mailed in execution of the scheme. Counts 25 and 26 further charge as overt acts, other things, such as procuring lists, send-

ing out lead cards, and meeting together, or of mailing letters other than letters charged and proved as completing offenses under section 215, the proof of which established the conspiracy charged, as an offense separate from those charged and proved under section 215. Applying the rule laid down in the Ryan Case, [Ryan v. U. S., 7 Cir., 216 F. 13], it follows there was here no double conviction."

It will be seen from this quotation that the Hendrey v. United States, supra, case is easily distinguished. In addition a reading of the Hendrey case discloses that the court did not purport to pass upon that question.

The same is true of the case of Brady v. United States, 8 Cir., 24 F.2d 399, wherein the court says that if all of the counts from 1 to 18 are identical with count 19, there could be no prosecution on the substantive charge and the conspiracy charge. A reading of the case easily distinguishes it from the case at bar.

■ I think it is generally well settled that a plea of former jeopardy will not prevail where the substantive charge was one overt act in a conspiracy indictment. Moorehead v. United States, 5 Cir., 270 F. 210, and cases cited in the opinion.

The motions to elect are overruled.

■■ The question of granting the defendants who have requested it a separate trial presents some difficulty. It is always cumbersome to try a great number of defendants. Here the indictment charges fifty-three persons. In such a large number there is danger of some of them being lost sight of by the jury and their case considered by the jury in a rather vague way. The plea of the government that it would be greatly more expensive to have separate trials should not enter into the consideration of this question. The rights of each defendant can be carefully guarded by the trial judge in the charge to the jury and I believe there would be no disadvantage from a practical standpoint to the respective defendants. It must be borne in mind that these are conspiracy and a scheme to defraud indictments. The very nature of the offense contemplates a number of defendants.

"Where two or more defendants are indicted for a joint transaction, it is inadvisable to split up the case into many parts for separate trials, in the absence of very strong and cogent reason therefor.

This is especially true in conspiracy charges, from the very nature of the case." Dowdy v. United States, 4 Cir., 46 F.2d 417, 421.

The motions for separate trials and severance are overruled.

The motions to require the government to specify on what portions of the indictment and overt acts it proposes to rely are overruled, without comment.

The motions of certain defendants to determine surplusage are overruled, without comment.

■ Stewart S. Cooper urges that his plea in abatement should be sustained as he was compelled to give evidence against himself before the grand jury. The facts in this connection are taken from the verified plea, affidavits and counter affidavits found in the record, and are as follows: Stewart S. Cooper responded to a subpoena duces tecum addressed to him as Secretary of the Arlington Development Company, Inc.

He produced certain documents listed in the subpoena, among them a contract between Morton Gilbert, one of the named defendants in each of the indictments under consideration, and Cooper, Le Feber and Hagen wherein it was agreed among other things that Gilbert was to purchase from the other three the stock in the Arlington Development Company. At the time Cooper was subpoenaed he was not the secretary of the Arlington Development Company. He asked the Assistant District Attorney if he was subpoenaed as a defendant or a witness. The Assistant District Attorney replied that he was subpoenaed to produce the documents as the secretary of the Arlington Development Company as indicated by the subpoena. He handed over the documents including the contract, took a receipt and left. He never appeared before the grand jury. The contract was never shown to the grand jury.

Mr. Cooper is an attorney with some two years' experience in the Prosecutor's office of Hamilton County, Ohio. He never claimed any constitutional immunity.

The Fifth Amendment, U.S.C.A.Const., reads in part as follows: "No person * * * shall be compelled in any Criminal Case to be a witness against himself."

Hughes Federal Practice, § 16038, Volume 15, provides: "Persons cannot be required to produce their private books

and papers before a grand jury for the purpose of furnishing evidence in a criminal prosecution against themselves."

Counsel in their briefs cite many cases sustaining these propositions. However, the facts in the case at bar fall far short of cases to which my attention has been called. The constitutional guarantee is that no person shall be "compelled" to furnish evidence against himself. We must recognize the fact that Cooper did not in this instance have to obey the subpoena. He says he was not the official named in the subpoena. That he had not been for several years. His acts were purely voluntary from the beginning. He voluntarily appeared, voluntarily turned over the document and then neither he nor the document were produced to the grand jury. He cannot claim to have been misled by what the Assistant District Attorney said. That was of no consequence. The District Attorney could not commit the grand jury to whether or not it was considering him or his actions in this or any other connections. Whether the contract is considered as a corporation paper or a private paper is of no consequence here. The fact is that Cooper as an individual, without a subpoena, appeared and handed over the paper. The grand jury did not subpoena Cooper, it subpoenaed the secretary of the company as the custodian of the company records. The subpoena was for the records, not Cooper. The plea must consequently fail and is denied. Thompson v. United States, 7 Cir., 10 F.2d 781.

■■■ In the plea of John E. Bernstein that his acquittal under indictment No. 5359 of the dockets of this court is immunity from prosecution under indictment No. 5471, there is presented the factual question that the facts relied on by the government to sustain that indictment are included as enumerated overt acts in indictment No. 5471, the conspiracy indictment now under consideration. A trial on this question was had. The record in the former trial was introduced. That record discloses that evidence was had, either offered by the government or brought out on cross-examination that there were sales of Arlington lots. The charge in the former indictment was that a conspiracy was entered into to sell lots of what is termed the Hopewell Cemetery. It is conceded that the two indictments on their face do not charge the same conspiracy.

In the fifteenth count of the indictment returned in case No. 5359, he was charged with entering into a conspiracy with six of the defendants herein named. It is a charge of conspiring with the same people and particularly with Morton Gilbert to use the mails to defraud.

The conspiracy on which he is here indicted will show that he is charged with entering into a conspiracy between May 20, 1934, and June 1, 1937. The indictment in case No. 5359 charged a conspiracy from the year 1936 up to and including April 13, 1939.

Both indictments allege a conspiracy to violate the provisions of Title 18, Section 338, U.S.C.A.—using the mails to promote a scheme to defraud.

It is claimed that there was but one alleged conspiracy and that Bernstein has been acquitted of that offense.

The law pertaining to such questions is expressed in the case of Short v. United States, 4 Cir., 91 F.2d 614, 622 and annotated in 112 A.L.R. 983.

"It is to be noted that the rule in case of prosecution for conspiracy to violate statutes is different from the rule applicable in prosecutions for violation of the statutes themselves. In the latter case, in the absence of circumstances giving rise to the doctrine of merger, there may be a separate prosecution for each of the statutes violated without any splitting of offenses; for each of the statutory crimes involves a different element. In the case of conspiracy, however, the gist of the crime is the unlawful agreement, or partnership in criminal purposes thereby created; and one conspiracy does not become several because it may incidentally involve the violation of several statutes. As said by Judge Grubb, speaking for the Circuit Court of Appeals of the Fifth Circuit in Norton v. United States (C.C.A. 5th) 295 F. 136, 137: 'The fact that the conspiracy contemplated numerous violations of law as its object does not make the indictment duplicitous. The gist of the offense is the conspiracy, and it is single, though its object is to commit a number of crimes.' And the rule against splitting a conspiracy for purposes of prosecution was thus stated by Judge Lindley in United States v. Weiss (D. C.) 293 F. 992, 994: 'At the threshold it must be noted that the government cannot split up one conspiracy into different indictments, and prosecute all of them, but that prosecution for any part of a single

crime bars any further prosecution based upon the whole or a part of the same crime. Murphy v. United States (C.C.A.) 285 F. (801), 804, at page 816; In re Snow, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658; 16 Corpus Juris, 270, and cases there cited.'"

Here, however, we have an entirely different situation. The evidence does not convince me, as a trier of facts, that this was one and the same conspiracy. True there was proof offered of facts that are charged as overt acts in the present indictments. This proof under proper instructions is admissable as going to show intent or motive or the carrying out of a definite scheme. Johnson v. United States, 6 Cir., 82 F.2d 500. It is also evidence that the trial judge instructed the jury that it could consider these Arlington lot sales in arriving at the verdict and if they considered them as true that was sufficient to convict. True also that the District Attorney argued or referred in his argument to these Arlington transactions, but this does not make one conspiracy out of two. Even though they may have been thought at that time to be one conspiracy.

The real question is were there two conspiracies? Did the proof in the indictment No. 5359, the alleged Hopewell conspiracy, establish the charge in the indictment No. 5471, the alleged Arlington conspiracy?

The case of Short v. United States, supra, relied on by counsel for Bernstein, is considered and differentiated from a case of the kind at bar in an opinion by Judge Otis, United States v. Brimsdon et al., D. C., 23 F.Supp. 510, 512, wherein the Court points out: "Perhaps the evidence that was received against Mrs. Ryan did not prove that she was guilty of the offense charged in case No. 13,754. That is a question with which we are not here concerned. Perhaps that evidence tended to prove that she was a party to several distinct conspiracies, in addition to the conspiracy that particularly was charged. We are not concerned with that now. One cannot be put in jeopardy on account of an offense with which he is not charged and that without regard to whether the evidence in the case tends to prove that he is also guilty of other offenses. Evidence often is competent in a criminal case which does tend to prove some offense other than that charged, but we have never heard it seriously contended that therefrom immunity arose for the other offenses

incidentally shown. The constitutional guaranty is against double jeopardy for the same offense. There is no constitutional guaranty against a repetition of evidence in trials for different offenses. There is no constitutional guaranty against a second incidental proving of the same offense if that offense be an offense which has not heretofore been charged and prosecuted."

The distinction from the Short case, which applies with equal force here, is stated in the Brimsdon case, supra, as follows: "In Short et al. v. United States the first conspiracy charged was that one Nebbs (it was he who asserted the defense of double jeopardy) had conspired with others to distill, sell, remove and conceal intoxicating spirits without paying the lawful taxes. This conspiracy was alleged to have existed for three years prior to the indictment in June, 1935, and to have been committed in the Eastern District of North Carolina with overt acts in the Eastern District of Virginia. The second indictment charged Nebbs and others with conspiring to remove and conceal distilled spirits upon which the tax had not been paid. The conspiracy was charged to have been committed in the Eastern District of Virginia and during a time, eighteen months of which was identical with the time charged in the first conspiracy. A majority of the court (Circuit Judge Northcott dissenting) ruled that it was error not to permit the introduction of evidence to show that the two offenses were identical, since conceivably from the faces of the indictments they might be identical. It was possible that a conspiracy laid in North Carolina to violate the Internal Revenue Laws in 1934 and 1935, to be carried out by overt acts some of which were committed in Virginia, was identical with a conspiracy laid in Virginia to violate the Internal Revenue Laws in 1935 and 1936 with overt acts charged to have taken place in Virginia. One of these conspiracies might well overlap and include the other. Here is no analogy with indictments that show on their face that one could not possibly include the other, since they charge conspiracies to injure separate and distinct persons."

The plea of former jeopardy is denied.

It is urged that the motion for a bill of particulars should be sustained in behalf of the defendant, Joseph Robins, in that the District Attorney should be required to state when the named defendant did any

act in furtherance of the alleged conspiracy. That such a statement would show that Robins had not participated since December 1, 1935. There is filed a written plea of the statute of limitations which sets forth that Robins had abandoned the alleged conspiracy more than three years before the indictment was returned and that therefore Robins' motion to quash should prevail.

I do not think that to sustain the motion for a bill of particulars would bring about that result. If Robins abandoned or withdrew from the conspiracy he must affirmatively show that fact. Even though it would be stated in a bill of particulars that Robins had done no overt act within three years it would not necessarily follow that he had withdrawn from the conspiracy. United States v. Anderson, 7 Cir., 101 F.2d 325. A person who has joined a conspiracy may abandon it, and thereby escape liability for subsequent acts of his co-conspirators, but he cannot escape such liability unless he informs them of his purpose to abandon them. He cannot contribute to the purposes of the conspiracy and then, after having assisted in putting those purposes into effect, escape liability by merely walking away. He must show affirmatively that he has withdrawn and this is a question of fact for the jury under proper instructions to determine. Hyde v. United States, 225 U.S. 347, 32 S. Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614.

Robins' motion for a bill of particulars and motion to quash are overruled. His plea of the statute of limitations at this stage of the procedure must fail.

Many of the motions for bills of particulars by various defendants have heretofore been overruled. I have again gone over these motions and all other motions for bills of particulars. The reasons announced from the bench at the oral arguments are again here reiterated and the motions are all overruled.

The questions above considered are those which various counsel have urged in briefs. There were other matters presented in oral arguments, all of which are considered and overruled. It was especially urged that the indictment should be quashed because there were no women on the grand jury and that in this district women were studiously and purposely left out of the jury wheel by the jury commissioner. The defendants in support of that position cite and rely on the case of Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074. A more recent case decided by the Supreme Court sustaining the same view is Hale v. Kentucky, 303 U.S. 613, 58 S.Ct. 753, 82 L.Ed. 1050. Each of these cases held that exclusion of all negroes from a grand jury by which a negro is indicted resulting from systematic and arbitrary exclusion of negroes from the jury lists solely because of their race or color is a denial of the equal protection of the laws guaranteed by the Fourteenth Amendment, U.S.C.A.Const.

In the case at bar there were no women indicted nor presentment made against women by the grand jury. The Sixth Circuit Court of Appeals has expressly passed upon this question and held that it is not a ground on which an indictment should be quashed in the absence of a showing that injury resulted. Wuichet v. United States, 8 F.2d 561.

No such showing has been made here and the motion to quash for this reason is overruled.

The motion of the United States Attorney to consolidate indictments No. 5471 and 5472 is sustained. Title 18 U.S.C.A. § 557 (R.S. § 1024).

Separate orders should be prepared in accordance with the rulings indicated in this opinion.