## UNITED STATES v. SLAUGHTER.
### Cr. No. 1433-48.

United States District Court
District of Columbia.
March 14, 1950.

206

Nugent Dodds, Special Assistant to the Attorney General, for the United States.

William E. Leahy, Benjamin I. Melnicoff and Herbert S. French, Washington, D. C., for defendant.

SCHWEINHAUT, District Judge.

The defendant says that the indictment should be dismissed because it does not state an offense against the United States and because the Federal Regulation of Lobbying Act[1] is unconstitutional as being so vague and uncertain that it fails to meet the due process requirements of the Fifth Amendment, and fails adequately to inform the defendant of the cause and nature of the charge against him as required by the Sixth Amendment. He says it also offends the First Amendment because it deprives the people of civil liberties thereby protected.

The indictment charges the defendant with violating Sec. 308 of the Act, 2 U.S. C.A. § 267, in that he engaged himself for pay for the purpose of attempting to influence the passage of certain legislation and the defeat of certain legislation, without having registered with the Clerk of the House and the Secretary of the Senate pursuant to the statute.

■ The court is of the opinion that this section of the Lobbying Act may stand alone and apart from other provisions and that it is not on its face unconstitutional. The words "engage himself for pay or for any consideration" are readily understandable, especially since "consideration" is a word of art which has had well-defined meaning in the law for many years. So, also, the phrase "for the purpose of attempting to influence" is understandable in common parlance and susceptible of proof in a given case. "Legislation" is very broadly defined in the Act but the in-

dictment specifically enumerates the legislation to which it refers and to which, of course, it is limited.[2]

■ The section does not abridge constitutionally guaranteed privileges (freedom of speech, press, petition, etc.) since it leaves everyone free to exercise those rights, calling upon him only to say for whom he is speaking, who pays him, how much, and the scope in general of his activity with regard to legislation. This, the Congress should and, in the court's opinion, does have the right to demand.

Subsequent to the original argument on the motion, the court directed the government to file a bill of particulars. This was done and the defendant has again pressed his motion to dismiss the indictment, as now amplified and restricted by the bill. The statement of particulars consists of answers to a series of questions propounded by the defendant, together with numerous documents labeled Exhibit A, with subnumbers. The defendant asserts that it now clearly appears that the activity indicated by the answer and exhibits is not of such a nature, even conceding constitutionality of the statute, as to require him to register. He points out that Sec. 308 of the Act contains a provision "that it shall not apply to any person who merely appears before a committee of the Congress of the United States in support of or opposition to legislation." He argues that the particularization shows that, as a lawyer, he arranged for his clients to appear before congressional committees, helped them prepare for such appearances, correlated and evaluated their material, advised them with respect thereto, testified himself as a witness, etc. He urges that, by logical and necessary implication, it is obvious that if a witness does not have to register and otherwise comply with the

1. 2 U.S.C.A. §§ 261–270.

2. The indictment says that between October 1947 and September 1948 the defendant did attempt to influence:

"a. The defeat of Senate Bill 1881 (80th Congress) and other legislation designed to regulate margin requirements with respect to speculative transactions

in commodity futures on commodity exchanges;

"b. The defeat in the United States Senate of the ratification of the International Wheat Agreement;

"c. The passage of amendments to bills introduced in the 80th Congress to provide a Federal charter for the Commodity Credit Corporation * * *."

statute, it must follow that the attorney who advises and assists him does not have to do so.

A consideration of this proposition brings into sharp focus the most searching question asked by the defendant and the government's answer to it. The question, paraphrased, was: What did he do to influence the passage or defeat of legislation. The answer reads as follows, with italics supplied by the court: "At the times and places indicated in the attached Exhibit 'A', defendant did the several matters and things in said Exhibit indicated to influence the defeat of Senate Bill 1881, and to influence the defeat of the ratification of the Internation Wheat Agreement, and to influence the passage of amendments to bills to provide a Federal charter for the Commodity Credit Corporation; *contacted members of the Congress of the United States personally and by telephone,* arranged for witnesses to appear before committees of Congress, employed other lawyers to draft legislation to be submitted to Congress on behalf of his employers, was present at Congressional Committee hearings for the purpose of directing and assisting witnesses before such committees *and was also present at and during sessions of Congress in order to influence legislation to the end that his employers should benefit thereby*—his activities herein stated having taken place at the times and places indicated in Exhibit 'A', attached hereto."

From the italicized parts of the answer, it will be seen that, among other things, the government informs the defendant it intends to prove that, in order to influence legislation, he contacted Congressmen and was present at sessions of Congress at the times and places indicated in certain of the documents forming part of Exhibit A.

The function of a bill of particulars is to enlarge an indictment so that the defendant may be more specifically informed of the nature of the charge against him. It strictly limits the prosecution to proof within the area of the bill but it does not require disclosure of the evidence by which the government expects to prove its case.

The court, therefore, cannot now say, without evidence, that the government's case is as limited as the defendant contends and, hence, cannot decide at this time whether the activity of the defendant falls within or without the purview of the statute.

The motion to dismiss must be denied.

The motion to inspect the grand jury minutes is also denied.