**UNITED STATES v. SLAUGHTER.**

Cr. No. 1433–48.

United States District Court
District of Columbia.

April 17, 1950.

Nugent Dodds and Frank H. Patton, both of Department of Justice, Washington, D. C., for the United States.

William E. Leahy, of Washington, D. C., for defendant.

HOLTZOFF, District Judge.

The defendant, having waived a trial by jury and elected to be tried by the Court, is on trial under an indictment which charges him with a violation of the statute requiring the registration with the Secretary of the Senate and the Clerk of the House of Representatives, of persons who engage for pay in attempting to influence the passage or defeat of legislation by the Congress of the United States, Act of August 2, 1946, § 308, 60 Stat. 842, U.S. C.A., Title 2, § 267.

The Government charges and the defendant admits that he did not register under the provisions of the statute. The Government further charges and the defendant admits that he was employed by several mercantile organizations to influence the passage or defeat of certain legislation by the Congress of the United States.

These facts, however, by no means make out a violation of the Act, because the statute contains a very important exception, namely, that its provisions shall not apply to any person who merely appears before a committee of the Congress of the United States in support of or opposition to legislation.

On a motion to dismiss this indictment, Judge Schweinhaut held that this exception is not limited to the witness who actually and physically appears before a committee of Congress and gives testimony, but includes also any person who helps to prepare the witness for his appearance before the committee, either in gathering material, preparing a statement to be given by him, or in any other way. D.C., 89 F.Supp. 205.

Not only is this ruling binding on me, but independently I reach the same conclusion. The statute is a criminal statute. It must be construed most favorably

to the defendant in case of any doubt or ambiguity. To interpret the exemption as being limited solely to the person who physically appears before the committee would frequently render nugatory and defeat the apparent intent of the Congress. The obvious intent is not to interfere with or hamper the giving of testimony before congressional committees, and in order to achieve this purpose it is necessary to permit witnesses to receive advice and assistance in preparing the statements which they propose to make.

The testimony in this case shows that the activities of the defendant consisted largely of preparing statements for witnesses to be given by them before congressional committees. These activities are clearly within the exception.

True, the bill of particulars alleges other activities, which, if proven, would be within the purview of the Act, namely, contacting Members of Congress in connection with legislation. No evidence, however, has been introduced by the Government to support these items of the bill of particulars.

In view of the foregoing considerations, the Court finds the defendant not guilty.