**UNITED STATES of America**

**v.**

**George WINKLER.**

**Crim. No. 6458.**

United States District Court,
D. Rhode Island.

March 10, 1955.

Jacob S. Temkin, U. S. Atty., Providence, R. I., for plaintiff.

Francis J. Kiernan, Providence, R. I., for defendant.

DAY, District Judge.

This is a criminal information wherein the defendant is charged with wilfully and knowingly failing to make an income tax return to the Collector of Internal Revenue for the District of Rhode Island for the calendar year 1951 in violation of Section 145(a) of the Internal Revenue Code of 1939, 26 U.S.C. § 145(a).

The defendant has served upon the United States Attorney a subpoena duces tecum for the production of "all documents, books, papers and objects * * * obtained by government counsel in any manner other than by seizure or process, in the course of the Government's preparation for the trial of this cause, if such documents, books, papers and objects are to be offered as evidence on the trial of the above named defendant." He has also moved for an order pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. to permit him and his attorney to inspect all of said books, papers, documents and objects described in said subpoena duces tecum.

In this motion the defendant alleges that he has reason to believe that the United States Attorney has in his possession certain books or papers or documents or objects voluntarily given up by a third party who may be summoned by the Government to testify against him relative to said books, papers, documents or objects which may be offered in evidence, that said books, papers, documents or objects are not otherwise procurable by him reasonably in advance of trial by the exercise of due diligence, that the defendant cannot properly prepare for trial unless he or his attorney has an opportunity to inspect such books, papers, documents or objects in advance of trial, that he has no present recollection of their contents, and that if they are offered in evidence at the time of the trial he may be caught completely by surprise which fact may tend unreasonably to delay the trial of this case.

The Government resists this motion and has also moved to quash said subpoena duces tecum on the grounds that (1) compliance with the command of said subpoena would be unreasonable and oppressive, (2) the motion for inspection, in aid of which the subpoena duces tecum was issued, is prematurely filed; and that said subpoena is prematurely issued.

Rule 17(c) upon which the defendant predicates his motion provides that the Court *may* direct that the books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial and upon their production *may* permit their inspection by the parties or their attorneys.

The purpose of this rule is limited. It is not designed to grant additional discovery but merely to facilitate

and expedite trials and to avoid delays therein while counsel are examining voluminous documents offered as evidence. Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879; United States v. Maryland & Virginia Milk Producers Ass'n, Inc., D.C.D.C.1949, 9 F.R.D. 509; United States v. Iozia, D.C.S.D.N.Y.1952, 13 F.R.D. 335; United States v. Carter, D.C.D.C.1954, 15 F.R.D. 367.

Rule 17(c) also provides that the court on motion made promptly may quash or modify a subpoena issued thereunder if compliance therewith would be unreasonable or oppressive. In my opinion the right of a defendant to the production and inspection of documents and objects prior to trial under Rule 17(c) is not absolute but that upon objection thereto good cause for such production and inspection must be first shown by the party seeking the same. In United States v. Iozia, supra, it is well stated at page 338 of 13 F.R.D. that such good cause requires a showing by the defendant:

"(1) That the documents are evidentiary and relevant;

"(2) That they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence;

"(3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;

"(4) That the application is made in good faith and is not intended as a general fishing expedition."

The motion of the defendant for inspection is unverified; it does not in any way particularize or identify except in most general terms the documents which he seeks to inspect. It merely refers, following the language of the Rule, to "books, papers, documents or objects in the possession of the District Attorney * * * and may be offered as evidence * * *." There is no showing that they would be admissible in evidence or relevant at the trial. Likewise, there is no showing by the defendant that without such production and inspection in advance of trial he cannot properly prepare for trial and that failure to obtain such inspection may tend unreasonably to delay the trial. This is not an anti-trust case or a mail fraud case which usually results in a protracted trial with a large volume of documentary evidence.

If during the trial of this case the defendant is unreasonably taken by surprise by the introduction in evidence of any "book, document, paper or object" a reasonable time will be afforded to him and his attorney to inspect such exhibit. Such a procedure is not unusual in trials, both civil and criminal. However, in passing it may be noted that all surprises in trials are not to be avoided. On many occasions surprises during trial have proved to be conducive to the establishment of the truth and to the attainment of justice.

■ Without passing upon its good faith or the purpose which inspired it I find that there has not been a sufficient showing of good cause to warrant the granting of the defendant's motion to inspect.

In my opinion to require compliance by the government with the subpoena duces tecum would be unreasonable and oppressive.

The defendant's motion to inspect is denied. The government's motion to quash the subpoena duces tecum is granted.