**UNITED STATES of America, Plaintiff,**

v.

**Joe HANLIN et al., Defendants.**

**No. 21142.**

United States District Court
W. D. Missouri, W. D.

Jan. 23, 1962.

William A. Kitchen, Kansas City, Mo., for the United States.

Kenneth K. Simon, Kansas City, Mo., Norman Zaltsman, Clayton, Mo., Henry G. Morris, St. Louis, Mo., for defendants.

GIBSON, District Judge.

Defendants have been indicted by a Grand Jury for violations of Sections 1341 and 371, Title 18, U.S.C. in an indictment of some 28 counts. The indictment charges defendants jointly and severally with scheming "to defraud purchasers and prospective purchasers of certain vending machines sold by Hanlin Manufacturing Company or Midwest Manufacturing Company, and to obtain money and property from such persons by means of false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises would be falsely and fraudulently made." Counts 1 through 27 of the indictment each charge defendants, through one or the other of the above-mentioned companies, of mailing a different letter through the United States mails in furtherance of their alleged fraudulent scheme. Count 28 charges defendants with conspiring in the mailing of the letters involved in the previous 27 counts.

Defendants Thornton, Ooley, Krueger, and Garrison now file various motions for relief both jointly and severally.

1. Defendants, Ooley and Garrison, move to quash the indictment and for discharge on pleas of autrefois acquit and res judicata.

They claim that they were indicted for mail fraud in St. Louis, in the Eastern District of Missouri for the same months and years as the ones charged in the indictment returned in this Court and that, therefore, this is double jeopardy. They claim that all separate acts in a mail fraud case are parts of the same crime. Therefore, even though the present indictment charges different incidents from those charged in the St. Louis indictment, it is the same offense, and they have been acquitted of it. Defendants, Ooley and Garrison, cite no cases to support their view.

The Government contends that the St. Louis indictment charged defendants with selling vending machines through

the mail by fraud to certain persons and that although the same general type of offense is charged in the instant indictment, the persons allegedly sold to were different, and the defendants used different companies in making such alleged sales. Therefore, it is a separate offense. (citing United States v. Gilbert, D.C., 31 F.Supp. 195). The case of United States v. Brimsdon, D.C., 23 F.Supp. 510, clearly holds that in conspiracies, where different victims are involved, there are separate offenses. In the Brimsdon case, defendants were charged with a conspiracy to injure and oppress citizens of the United States who were voters in the Fifth Precinct of the Twelfth Ward of Kansas City, Jackson County, Missouri, in the free exercise and enjoyment of their right and privilege to vote for a candidate for Congress at the general election of November 3, 1936. One defendant had previously been indicted and convicted for similarly injuring and oppressing voters in the Fifteenth Precinct of the same Ward. This defendant contended that this previous acquittal amounted to former jeopardy and he pleaded autrefois convict. In rejecting this contention, the Court said:

> "In Miller v. United States [9 Cir., 4 F.2d 288] it was ruled that a charge of conspiracy to unlawfully remove spirits from a bonded warehouse included a charge of conspiracy to unlawfully transport spirits from a bonded warehouse, if the removal and transportation involved the same spirits. It was a case in which one conspiracy necessarily included the other. A conspiracy to injure John Doe cannot possibly include a conspiracy to injure Richard Roe, although the two conspiracies may coexist and although one of the parties to each of the conspiracies may also be a party to other similar conspiracies."

Defendants, Ooley's and Garrison's motion to quash and for discharge is, therefore, overruled.

2. Defendant Krueger also moves to quash the indictment and for discharge on his plea of autrefois acquit and res judicata.

This motion may be regarded along with defendants, Ooley and Garrison's, motions to the same effect. In addition to the arguments of Ooley and Garrison, Krueger cites the case of United States v. McGee, D.C., 117 F.Supp. 27, to the effect that a "former prosecution is not a bar to a prosecution for a different felony, but, a single conspiracy cannot be split up for the prosecution for conspiracy to commit one or a less number of the same offenses." However, it should be noted that the McGee case involved a conspiracy which involved several separate overt acts to procure loans from the same victim. The distinction seems justified, based on the Brimsdon case (supra), that there can be several different crimes of conspiracy where there was more than one victim, even where the acts charged are similar and take place over the same general period of time as those charged in a previous indictment. Defendant Krueger's motion to quash and for discharge is overruled.

3. Defendants, Krueger and Thornton, move to dismiss the counts which pertain to each of them respectively. They contend that it should not be allowed that each individual mailing be regarded and charged as a crime if it furthers a scheme or artifice to defraud, and the allegations of acts done by defendants were merely legal conclusions; that count 28, the conspiracy count, "is nothing more than reiterating what was previously set out in the first 27 counts and is, therefore, duplicitous  *  *  *" and that "the seven overt acts described in the indictment are acts of one Joe Hanlin and are not attributable to" defendants Krueger and Thornton. Defendants cite no authority for their viewpoint.

The Government contends that each individual mailing is a separate offense, citing Bogel v. United States, 139 F.2d 153; United States ex rel. Bernstein v.

Hill, 3 Cir., 71 F.2d 159. These cases clearly hold this. In addition, the Bogel case holds that the naming of the individual counts in a conspiracy count does not make the conspiracy count duplicitous.

In regard to the defendants' contention that counts name one Joe Hanlin and are not attributable to them, see Chambers v. United States, 8 Cir., 237 F. 513, and United States v. Bender, 2 Cir., 60 F.2d 56. These cases hold that where a joint crime is charged, such as a conspiracy, the acts of each in perpetrating the scheme may be charged against the others, as they are in effect, partners in the perpetration of the crime. Defendants, Krueger and Thornton's, motion to dismiss is overruled.

■ Defendant Krueger has filed what he denominates as a "Supplemental Motion to Dismiss." He alleges that he was tried previously in the Eastern District of Missouri on a similar charge and that the facts which led to the instant indictment were then known to the Government and he could have been tried for them then, and that, therefore, the United States is guilty of oppressive delay which constitutes a denial to a speedy trial under the provisions of the Sixth Amendment. Defendant Krueger cites no authority for his position.

The Government, by way of reply, contends that the action is brought well within the statutory limit of five years. It is difficult to see how defendant, Krueger, is being deprived of a speedy trial. The instant indictment was returned in October of 1961. Before the indictment was filed there was no charge for which to try him. There has been as yet no undue delay in the trial of this case. Defendant, Krueger's, "Supplemental Motion to Dismiss" is overruled.

■ 5. Defendants, Krueger and Thornton, have filed separate motions for relief from prejudicial joinder. These motions were filed separately, but are substantially the same and may be considered together. Defendants allege they are prejudiced by joining them with the other defendants and other offenses and request that they be granted a separate trial on those counts in which the complaining witness did not make his purchase from either of them. Each claims he had no proprietary interest in either Hanlin Manufacturing Company or Midwest Manufacturing Company and no control over them, that there may be some evidence which will be attempted to be introduced against other defendants which may be inadmissible as to Krueger and Thornton. These defendants contend that the jury would be unable to distinguish and relate the proper evidence to the proper defendant even though the Court could instruct them as to this. They also contend that the fact that other defendants, Ooley and Garrison, have been convicted of similar charges in other jurisdictions will be prejudicial to them, Krueger and Thornton.

■ It is within the sound discretion of the Court to order or not to order a severance. There is no merit in an argument that a jury will disregard the instructions of the Court in considering the evidence. Opper v. U. S., 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101. The same reasoning applies to defendants, Krueger and Thornton's, contentions that they will be prejudiced by the prior convictions of other defendants. The Court is capable of preventing this by a proper instruction which it is presumed the jury will obey. In the case of United States v. Gilbert, D.C., 31 F.Supp. 195, it was said:

"It is always cumbersome to try a great number of defendants * * * The rights of each defendant can be guarded by the trial judge in the charge to the jury * * *. It must be borne in mind that these are conspiracy * * * to defraud indictments. The very nature of the offense contemplates a number of defendants."

In the Gilbert case there were 53 defendants. Where, as in the instant case there are many less defendants, the Court should certainly be capable of protecting their rights. The motions of defendants, Krueger and Thornton, for relief from prejudicial joinder are respectively overruled.

■ 6. Defendants, Krueger and Thornton, have filed a joint motion for a bill of particulars, in which they ask for the name of the person who allegedly induced the person alleged to be defrauded by oral representations to purchase a vending machine or a vending machine product and to furnish them with the names of every person the plaintiff intends to use in the trial of this matter.

■ Bills of particulars are covered by Rule 7(f) of the F.R.Crim.P., 18 U.S.C.A. The grant or denial of a bill of particulars is within the Court's sound discretion. United States v. Chapman, 7 Cir., 168 F.2d 997, cert. den. 335 U.S. 853, 69 S.Ct. 82, 93 L.Ed. 401. The function of a bill of particulars is to enlarge the indictment so that the defendant may be more specifically informed of the nature of the charge against him. It does not require the government to disclose the evidence by which it intends to prove its case. United States v. Slaughter, D.C., 89 F.Supp. 205, United States v. Foster, D.C., 80 F.Supp. 479.

In the case of Fredrick v. United States, 9 Cir., 163 F.2d 536, cert. den. 332 U.S. 775, 68 S.Ct. 87, 92 L.Ed. 360, a similar situation presented itself. The information charged defendants in that case with the possession and control of counterfeit and forged ration documents. Upon a motion for a bill of particulars which alleged that defendants were not informed of the identity of the persons for whom the ration points were acquired, it was held that such information was evidentiary in nature and could not be had on a bill of particulars.

■ As to the request of defendants, Krueger and Thornton, for the name of each and every person the plaintiff intends to use at trial, see United States v. Wilson, D.C., 72 F.Supp. 812, aff. Klein v. United States, 8 Cir., 176 F.2d 184, cert. den., 338 U.S. 870, 70 S.Ct. 145, 94 L.Ed. 533, reh. den. Burke v. United States, 338 U.S. 939, 70 S.Ct. 343, 94 L.Ed. 579. That case held that the government may not be forced to disclose the names of its witnesses by a bill of particulars. Defendants, Krueger and Thornton's, motion for a bill of particulars is denied.

■ 7. Defendants, Krueger and Thornton, pursuant to Rule 16, move to require plaintiff to allow them to "inspect and copy or photograph all books, papers, documents and objects obtained from others by seizure, voluntary giving or process in connection with this case for the reason that the items sought may be material to the preparation of their defense."

Rule 16 provides for the inspection and copying of evidentiary material " * * * obtained from others by seizure or by process * * *." This makes it clear that defendants are not privileged to inspect or copy material voluntarily given under Rule 16. United States v. Brown, D.C., 179 F.Supp. 893.

The Government alleges that it has no material that was not voluntarily given. In the absence of any allegations that the Government does have material which was not voluntarily given, or requests for specific items, it appears that defendants, Krueger and Thornton, are merely engaged in a "fishing expedition," and the Government's allegation that it has no material subject to inspection and copying under Rule 16 must be taken at face value. Defendants, Krueger and Thornton's, motion for inspection and copying under Rule 16 is overruled.

8. Defendants, Ooley and Garrison, also move, pursuant to Rule 16 for the copying and inspection of material. This motion is practically identical with that of defendants, Krueger and Thornton, except that it does not ask for the right to

inspect and copy material voluntarily submitted. The Government again alleges it has no material obtained by seizure or process in its possession. Again, in the absence of any specification of the material sought to be inspected and copied, or an allegation that the government is in possession of such material, the motion of defendants, Ooley and Garrison, for inspection and copying is overruled.

9. Defendants, Ooley and Garrison, also apply for the issuance of a subpoena duces tecum, a copy of which is attached to their application, and which asks for the production of advertisements in newspapers purporting to solicit the sale of vending machines, all books and ledgers, and copies of bank accounts during the years 1957 and 1958, all checks or other evidence of payment of money to any of the defendants by any of the enumerated victims, any contracts allegedly entered into between any of the defendants and any of the alleged victims, all the letters alleged in the first 27 counts of the indictment, and any additional similar letters intended to be used by the prosecution, and all records or copies of telegrams, shipping records and all other records referred to in Overt Acts one through seven in count 28 of the indictment.

Defendants, Ooley and Garrison, allege that the records or documents are material to their defense.

The Government contends that the application constitutes merely a "fishing expedition," that many of the documents requested could be acquired by the defendants with due diligence, and there is no claim that the issuance of the subpoena duces tecum would expedite the trial, and that defendants, Ooley and Garrison, have not shown that the documents requested are material to their defense.

The rule covering the issuance of a subpoena duces tecum is Rule 17(c), F.R.C.P.

The subpoena in question has not yet been served on the government. Proba-bly a more proper method for deciding the validity of the subpoena would be to have it served on the Government, then either let the Government move to quash the subpoena, or the defendants move for an order requiring compliance. However, the Government has now filed suggestions in opposition to the defendants, Ooley and Garrison's, application for the issuance of the subpoena and it may be assumed that the Government will not elect to comply and the issue may therefore be decided on the instant motion.

The scope of Rule 17(c) is limited. It is not as broad as the discovery rules under the civil practice in the Federal Courts, and therefore no "fishing expeditions" will be licensed under it. It is designed primarily to expedite the trial of criminal cases by providing the defendant with a means of examining in advance documents which may be used in evidence at the trial. United States v. Winkler, D.C., 17 F.R.D. 213, United States v. O'Connor, D.C., 118 F.Supp. 248.

Rule 17(c) must be viewed in the light of Rule 16, under which these same defendants have moved for the inspection and copying of certain documents. Rule 16 provides that the documents sought to be inspected and copied must have been obtained by seizure or process. The Government has alleged it has no documents which have been seized or obtained by process. In the case of Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879, it was said that "There may be documents and other materials in the possession of the Government not subject to Rule 16. No good reason appears to us why they may not be reached by subpoena under Rule 17(c) *as long as they are evidentiary. * * ** In short, any document or other materials, *admissible as evidence,* obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena." (Emphasis supplied). This same case declared that Rule 17(c) was not intended to exclude from reach of process by the defendant any material

that had been used before the Grand Jury or might be used at trial.

The documents that defendants, Ooley and Garrison, seek to have produced seem to be evidentiary in character and are clearly material to the proof of the charges. They are fairly specifically designated in the attachment to the subpoena, and thus there is no merit in the contention that this is merely a "fishing expedition." They are all documents alleged to have been executed during the commission of the alleged conspiracy and thus cannot be the work product of the Government attorneys. It is these particular documents which will, to a large extent, either prove or disprove defendants' guilt; therefore, it is easily seen that they will be necessary to their defense. The documents were all mentioned in the indictment, and presumably, the government will introduce them as evidence at the trial. In short, there seems to be no reason why the government should not allow defendants to inspect the documents requested before trial. Defendants may wish to use them in evidence if the Government does not, and they have a right to do this. The application of defendants, Ooley and Garrison, for the issuance of the subpoena duces tecum is granted. Documents listed in said subpoena duces tecum are to be produced by the Honorable F. Russell Millin, U. S. Attorney, at Room 443 U. S. Courthouse, 811 Grand at 10:00 a. m. on February 5, 1962.

10. Defendants, Ooley and Garrison, move for a bill of particulars by which they seek to learn the number and description and price of the vending machines alleged to have been fraudulently sold in counts 1 through 27, and the name of the person who made or solicited such sales and the full contents of the letters mentioned in counts 1 through 27 of the indictment.

As was stated regarding defendants, Krueger and Thornton's, motion for a bill of particulars, the denial or granting of such a motion lies in the sound discretion of the Court. United States v. Chapman (cited supra). Its function is to enlarge the indictment so the defendant may be fully apprised of the charge against him, but it does not require the Government to disclose the evidence by which it intends to prove its case. United States v. Slaughter, United States v. Foster (cited supra).

The request here for details concerning the number and type of vending machines sold and the name of the person who sold them or solicited their sale is a request for just such evidentiary matter. Defendants are sufficiently informed by the indictment of the exact nature of the charges against them.

The request for the contents of the letters mentioned in the indictment is covered by Ooley and Garrison's motion for a subpoena duces tecum.

Defendants, Ooley and Garrison's, motion for a bill of particulars is overruled.

It is so ordered.