UNITED STATES of America

v.

Wilton E. HALL and Bessie Palmer McDaniel.

Crim. No. 13996.

United States District Court
W. D. South Carolina,
Anderson Division.

Dec. 28, 1965.

Robert H. Purl and Jimmy L. Tallant, Attys., Dept. of Justice, Washington, D. C., John C. Williams, U. S. Atty, and Albert Q. Taylor, Jr., Asst. U. S. Atty., for the United States.

G. Ross Anderson, Anderson, S. C., and Turner L. Smith, Washington, D. C., for defendant Wilton E. Hall.

S. Eugene Haley, Anderson, S. C., for defendant Bessie Palmer McDaniel.

* Sitting by designation.

1. On the date the information was filed the defendants appeared in open court and

EDWIN M. STANLEY, District Judge.*

On March 10, 1965, the United States Attorney filed a six-count information [1] against the defendants charging violations of 26 U.S.C. § 7201. More specifically, the first three counts charge the defendants, as president-treasurer and secretary-accountant, respectively, of Independent Publishing Company, Inc., Anderson, South Carolina, a corporation, with willfully and knowingly attempting to evade and defeat a large part of the income tax due and owing by the Independent Publishing Company, Inc., by preparing and causing to be prepared and mailed, on behalf of Independent Publishing Company, Inc., false and fraudulent corporation income tax returns for the calendar years 1958, 1959, and 1960, and the last three counts charge the defendants with willfully and knowingly attempting to evade and defeat the income tax due and owing by Wilton E. Hall and his wife, Mary E. Hall, by preparing and causing to be prepared and mailed, on behalf of Wilton E. Hall and his wife, false and fraudulent income tax returns for the years 1958, 1959, and 1960.

On November 1, 1965, the defendants filed separate, but almost identical, motions for bills of particulars. Briefly summarized, the defendants desire the Government to specify the nature and theory of the prosecution; the items and amounts claimed to represent the true income of the taxpayers for the years in question; if the prosecution is based upon specific omissions of income, a specification of items and amounts which are claimed to make up true income; in what respect each defendant joined with the other in accomplishing the alleged unlawful purpose; basic entries on returns which are alleged to be

waived prosecution by indictment and consented that the proceeding might be by information instead of by indictment.

fraudulent; with regard to any omissions, the general nature and sources of income which are claimed not to have been reported; in all instances where increase in net-worth expenditure is used, specification of correct net worth of the taxpayers at the beginning and end of each year; with respect to any income based upon specific omissions, the nature and source of such omissions; and in instances where increases are based on net-worth expenditure theory, the classifications and nature of items which established the increase in net worth, and the non-deductible expenditures made, during each year.

In its response to the motions of the defendants, the Government specified (1) that it expects to use direct evidence to prove the omissions of income with respect to counts 1, 2, and 3, and the net-worth expenditure method to prove counts 4, 5, and 6; (2) that it does not base its proof of understatement on false and fraudulent deductions; (3) that the starting point in net-worth computation is December 31, 1957, and (4) that the net worth of the defendant Hall on December 31, 1957, was substantially $420,-000.00.

In addition to the foregoing particulars voluntarily disclosed by the Government, a stipulation has been filed with respect to the acquisition and ownership of certain assets of the defendant Hall and/or his wife, and certain payments made by the defendant Hall and/or his wife representing non-deductible personal expenditures, for the years 1958, 1959, and 1960. Additionally, the Government has filed a proffer to enter into stipulations with respect to non-deductible personal expenditures made by defendant Hall and/or his wife to 115 additional firms and individuals during the three years in question. Although the defendant Hall refused to stipulate with respect to these additional items of personal expenditure, he certainly has knowledge of what the Government is claiming, and will undertake to prove, in this regard.

The information already supplied, together with the allegations in the information, has apprised the defendants as to the time, the place, the kind of tax, the taxable years, the precise documents falsified, the nature of the falsifications, the requisite intent, the corrected tax allegedly due, the theory of the Government's case with respect to each count, the fact that the Government does not base its proof of understatement on false and fraudulent deductions, the starting point in the net-worth computation, and the net worth of the defendant Hall at that time. With this information, together with the alleged amount of taxable income for each year in question, the defendants have a reasonable idea as to the alleged net worth of the defendant Hall at the end of each taxable year. His precise net worth at the end of each year would be disclosed if the amount of non-deductible personal expenditures for each year was specified. As earlier noted, even a large part of these items have been disclosed by the Government's proffer to enter into stipulations.

■ To require further specifications of the Government's case would, in the opinion of the Court, force a premature disclosure of the Government's evidence and witnesses, and unduly limit the scope of the Government's proof at the trial. It is not the purpose of a bill of particulars to furnish a defendant with the Government's evidence in advance of trial. United States v. Clark, 10 F.R.D. 622 (W.D.Mo., 1950). Further, it may be assumed, in the absence of evidence to the contrary, that the defendants have available their books and records from which they can determine the correct income of the taxpayers referred to in the various counts of the information.

■■ A number of courts have held that the most a defendant is entitled to receive prior to the trial is a disclosure

of the theory or method used by the Government to compute net income. Blackwell v. United States, 8 Cir., 244 F. 2d 423 (1957). In United States v. Holovachka, 7 Cir., 314 F.2d 345 (1963), the action of the trial court in denying the motion for a bill of particulars, particularly in light of the Government's disclosure of its theory of the case, was affirmed. The court found no occasion to adopt the more liberal rule urged by the defendant. In Remmer v. United States, 9 Cir., 205 F.2d 277 (1953), it was held that there was no abuse of discretion by the trial court in holding that the most to which the defendant was entitled prior to trial was a disclosure of the theory of the Government's case. And finally, in United States v. Hanlin, 29 F.R.D. 481 (W.D.Mo., 1962), the prevailing rule which should guide courts in considering motions of this type is clearly and succinctly stated as follows:

"Bills of particulars are covered by Rule 7(f) of the F.R.Crim.P., 18 U.S.C.A. The grant or denial of a bill of particulars is within the Court's sound discretion. United States v. Chapman, 7 Cir., 168 F.2d 997, cert. den. 335 U.S. 853, 69 S.Ct. 82, 93 L.Ed. 401. The function of a bill of particulars is to enlarge the indictment so that the defendant may be more specifically informed of the nature of the charge against him. It does not require the government to disclose the evidence by which it intends to prove its case. United States v. Slaughter, D.C., 89 F.Supp. 205, United States v. Foster, D.C., 80 F.Supp. 479."

It is concluded that the Government has already furnished the defendants as much, if not more, than is required, and the motion for further bills of particulars should be denied. Accordingly, the Court, in the exercise of its discretion, denies the motions of the defendants, Wilton E. Hall and Bessie Palmer McDaniel, for bills of particulars.

It is so ordered.